# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Alan Marcus Royall,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19cv248 (AJT/JFA) |
| ) | |
| **Mark J. Bolster,** ) | |
| Respondent. ) | |

### MEMORANDUM OPINION & ORDER

Alan Royall, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 42 U.S.C. § 2241, challenging on due process grounds disciplinary proceedings he faced at Federal Correctional Complex (FCC) Petersburg. [Dkt. No. 1]. He claims that his due process rights were violated because the prison failed to furnish the written report explaining the result of the proceedings within fifteen work days, which prevented him from appealing the decision. [Id.]. Respondent has moved to dismiss or, in the alternative, for summary judgment. [Dkt. Nos. 8–9]. Royall received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), [Dkt. Nos. 8-1, 9-1], and he opposes respondent's motion, [Dkt. No. 11]. For the following reasons, respondent's motion will be granted.

### I. Background

The following facts, with disputes noted, relate to Royall's disciplinary proceedings at FCC Petersburg, and are viewed in the light most favorable to Royall as the nonmoving party. See Iraq Middle Mkt. Dev. Found. v. Harmoosh, 947 F.3d 234, 237 (4th Cir. 2020).

Royall received an incident report on December 14, 2018, charging him with violating Bureau of Prisons (BOP) disciplinary code 108 for possessing a hazardous tool—a cell phone. [Callis Aff. ¶ 6 & Attach. 1]. The charge was referred for a hearing before a disciplinary hearing

officer (DHO), which took place before DHO Lisa Callis on January 17, 2019. [Callis Aff. ¶ 10 & Attach. 1]. Royall appeared at the hearing and denied the charge. [Callis Aff. Attach. 4]. As explained in the DHO report, DHO Callis found Royall's testimony not credible, credited the charging officer's account in the incident report, and concluded that Royall had committed the charged offense. [Id.]. Callis sanctioned Royall with 41 days' lost good-conduct time; 30 days' disciplinary segregation; and 180 days' lost visitation and telephone privileges. [Id.].

The parties dispute whether and when the DHO report was sent and delivered to Royall. In the § 2241 petition, dated February 20, 2019—a month after the DHO hearing—Royall claimed that had not received the DHO report, yet BOP regulations require delivery within fifteen work days. [Dkt. No. 1 (citing BOP Program Statement 5270.09 § 541.8(h))]. The DHO report (#3201933) was not completed, however, until May 16, 2019. [Callis Aff. Attach. 4]. By then, Royall had been transferred to a different BOP facility. [Callis Aff. ¶ 5]. The DHO report was sent to Royall at his new facility, Federal Correctional Institution (FCI) Manchester via inmate certified/express mail. [Id. ¶ 17]. A mail log for inmate certified/express mail shows that DHO report #3201933 was received from FCI Petersburg on May 21, 2019, and that Royall signed his initials indicating that he received it that same day. [Callis Aff. Attach. 5].

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

---

[1] When, as here, a party presents matters outside the pleadings in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the Court considers them, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

2

party must prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

### III. Analysis

Respondent characterizes Royall's claim as one asserting that his due process rights were violated because the delay in receiving the DHO report frustrated his ability to appeal the decision administratively. [Dkt. No. 10, at 10–11]. And because Royall eventually received the DHO report on May 21, 2019—opening up the appeal period—respondent argues that Royall's claim for relief is moot. [Id.].

When a disciplinary sanction results in lost good-conduct time, as happened here, Wolff v. McDonnell requires that a prisoner receive procedural due process that includes (1) written notice of the charge; (2) a hearing at which the prisoner has a qualified right to call witnesses and present documentary evidence; and (3) a written statement explaining the evidence relied on to impose disciplinary action. 418 U.S. 539 (1974); see also Tyler v. Hooks, 945 F.3d 159, 168 (4th Cir. 2019). Royall's petition relates only to the third requirement, which the BOP generally satisfies through issuing the written DHO report, which must include the DHO's decision and supporting evidence. 28 C.F.R. § 541.8(h).

Under respondent's interpretation of Royall's claim, respondent is correct that Royall is no longer entitled to relief. Royall attempts to dispute the fact that he received the DHO report by pointing out that, on the DHO report submitted as evidence by respondent, there is no information filled out in the section designed to indicate that the DHO report was delivered to the inmate. [Dkt. No. 11, at p. 2]. He does not, however, dispute the authenticity of the mail log showing Royall's signature to acknowledge that he received the DHO report at FCI Manchester. The undisputed evidence therefore demonstrates that Royall indeed received the DHO report on

May 21, 2019, giving him an opportunity to appeal and, thus, moots a claim that the prison's failure to provide the DHO report violated Royall's right to due process. See Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) ("A claim may be mooted when the claimant receives the relief he or she sought to obtain through the claim, because the court no longer has effective relief to offer.") (internal quotation marks, bracket, and citation omitted).

Royall also claims, however, that BOP policy mandates that the DHO report be delivered within 15 working days of the hearing, and because the report was not timely delivered, he suffered a due process violation. That claim may be meritless, but it is not moot. It is undisputed that Royall did not receive the DHO report within 15 working days. If FCC Petersburg's alleged failure to follow BOP policy amounts to a due process violation, Royall would be entitled to relief. But it does not.

The relevant policy, BOP Program Statement 5270.09 § 541.8(h), states that "[t]he DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the of the decision." BOP Program Statement 5270.09 § 541.8(h), available at https://www.bop.gov/policy/progstat/5270_009.pdf. Nothing in the program statement mandates that prison officials deliver inmates a copy of the DHO report within fifteen work days. Rather, the statement merely conveys that 15-day delivery is the norm. Even assuming arguendo that the policy statement does require delivery within fifteen work days, the prison's failure to comply with this self-imposed rule would not amount to a due process violation. Prison regulations like Program Statement 5270.09 § 541.8(h) are "primarily designed to guide correctional officials in the administration of a prison," and are "not designed to confer rights on inmates." See Sandin v. Connor, 515 U.S. 472, 481–82 (1995).

Finally, in his response opposing summary judgment, Royall asserts that "the lack of signatures on most of the pertinent documents," like the DHO report, violates his due process rights and "invalidates the entire [disciplinary] proceeding." [Dkt. No. 11, at p. 1–2]. That claim was not raised in Royall's § 2241 petition, and he may not add a new claim in a motion opposing summary judgment. See U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co., 612 F.3d 724, 731 (4th Cir. 2010) ("[A] plaintiff may not raise new claims . . . without amending his complaint."); Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent [plaintiff-appellant] seeks to expand its claims to assert new theories, it may not do so in response to summary judgment…"). Moreover, even if that new claim was properly before the Court, it is meritless. Nothing in Wolff requires that forms created to comply with its mandates be signed, even if there is a line for a signature.

Accordingly, it is hereby

ORDERED that respondent's motion to dismiss, or, in the alternative, for summary judgment [Dkt. Nos. 8–9] be and is GRANTED; and it is further

ORDERED that the § 2241 petition [Dkt. No. 1] be and is DISMISSED.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and provides the date of the Order of which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal.

The Clerk is directed to enter judgment in favor of respondent pursuant to Federal Rule of Civil Procedure 58; to send copies of this Memorandum Opinion and Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 24th day of Feb. 2020.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge

5